**FILED**
JUN 17 2013
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CAMERON STANDING ROCK, | CV 13–36–GF–DWM–RKS |
| Plaintiff, | |
| vs. | ORDER |
| CASCADE COUNTY REGIONAL PRISON and W. KOMAR, | |
| Defendants. | |

Before the Court are the Findings and Recommendations of United States Magistrate Judge Keith Strong. No objection was timely filed to Judge Strong's recommendation that Plaintiff Standing Rock's Complaint be dismissed for failure to state a claim upon which relief can be granted.

The Court reviews the Findings and Recommendations of a United States Magistrate Judge for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). After reviewing Judge Strong's Findings and Recommendations, I find no clear error.

Plaintiff alleges a violation of the Cruel and Unusual Punishment Clause of

the Eighth Amendment under 18 U.S.C. § 1983. The Cruel and Unusual Punishment Clause of the Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. After incarceration, the Sixth Amendment prohibits the "'unnecessary and wonton infliction of pain.'" *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. *Id.* (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973)).

Mr. Standing Rock alleges that in September or October of 2012, when he was returning hobby-related items, Officer Komar threw leather "chits" back at him, hitting him in the mouth. Mr. Standing Rock does not bring allegations of pain, injury, or discomfort attendant to Officer Komar's actions. None of the allegations in the Complaint present a use of force "repugnant to the conscience of mankind." *See Hudson*, 503 U.S. at 10.

A complaint must present sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554,

570 (2007). A deprivation of constitutional right is an essential element of Plaintiff's claim for relief. *See* 42 U.S.C. § 1983. Having failed to present sufficient factual allegations in support of his claim that his right to be free from cruel and unusual punishment was violated, Mr. Standing Rock's case is subject to dismissal for failure to state a claim. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

IT IS ORDERED that Judge Strong's Findings and Recommendations (doc. 6) are ADOPTED IN FULL. Mr. Standing Rock's Complaint (doc. 2) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Clerk of Court shall ensure the docket reflects the dismissal of this case for failure to state a claim constitutes a strike under 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that the Clerk of Court shall ensure the docket reflects the Court's certification pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

IT IS FURTHER ORDERED that the Clerk of Court shall close the case and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

//

DATED this 17th day of June, 2013.

Donald W. Molloy, District Judge
United States District Court